## Tener *v.* Loblaw, Inc., Appellant.

Argued November 9, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFF-MAN, JJ. (FLOOD, J., absent).

*William E. Hoey,* with him *Stein & Winters,* for appellant.

*Rolf R. Larsen,* for appellee.

OPINION BY WATKINS, J., March 24, 1966:

This is an appeal from a judgment of the Court of Common Pleas of Allegheny County entered on a jury verdict in favor of James Tener, the plaintiff-appellee, and against Loblaw, Inc., the defendant-appellant, in a trespass action growing out of an arrest with the use of physical force by agents of the defendant in its store

property, in the amount of $3250; and from the denial by the court below of its motion for a new trial.

The only question before us in this appeal is whether the trial court below abused its discretion in permitting a witness to testify on behalf of the plaintiff-appellee when said witness was not included by the plaintiff-appellee in his answer to interrogatories filed pursuant to Rules 4005, 4006 and 4007 of the Pennsylvania Rules of Civil Procedure.

The appellee's attorney also filed interrogatories under the same rules on May 5, 1964. At the call of the trial list on June 11, 1964, the appellee had not yet answered the interrogatories which requested among other things, the names of the parties who had participated in the tort against appellee.

The appellee had answered appellant's interrogatories but at the time of the answers the witness in question had not been discovered by the appellee. He was discovered approximately three months before trial. The appellant had failed to answer the interrogatories until June 13, 1964, five days before going to trial.

The call of the trial list was on June 11, 1964. On June 12, 1964, counsel for appellee advised counsel for the appellant that he had an additional witness but refused to furnish the name because of the failure of the appellant up to that date to answer his interrogatories. He offered to open his file to the appellant if the appellant would do the same for him. This was refused but the appellant answered the interrogatories the next day, June 13, 1964. The appellee takes the position that it was not fair for him to divulge his whole case when the appellant was not divulging his and didn't until five days before trial.

Subsequent to the trial the appellee discovered that the witness in question had been convicted of the crime of forgery. This was unknown to both parties before and at the time of the trial. The appellant contends

that he could have impeached this witness but because he did not have the information concerning the conviction at the time of the trial his case was prejudiced.

We have here a situation where both parties were jockeying for advantage and neither obeyed the letter or spirit of the Pennsylvania Rules of Civil Procedure. The appellant contends that his interrogatories were continuing and the appellee was under a duty to disclose the name of the witness without further action by him and contends that his failure to do so creates a situation where he is entitled to a new trial. "There is no specific sanction in Rule 4019 for failure to make the disclosure of witnesses." Goodrich-Amram §4007(a)-9, p. 102.

The court below which heard the case and the court en banc which heard the argument for a new trial, in dismissing the motion, held that the appellant in seeking an early disposition of the case eliminated pretrial procedure that may well have made it possible to discover before trial the information the appellant now relies on as after discovered evidence. The court en banc below also held that the elimination of the alleged tarnished evidence would not necessarily alter the verdict, that without it there was sufficient evidence to support the verdict.

As, under the Pennsylvania Rules of Civil Procedure, there are no sanctions to be imposed for failure to disclose the name of a witness; as contempt is not involved as there was no court order; the matter therefore rests entirely in the power of the court below over trial procedures and we find that the court below in exercising such power by denying a new trial under the circumstances in this case did not abuse its discretion.

Judgment affirmed.

MONTGOMERY and JACOBS, JJ., dissent and would grant a new trial.